UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Ravidath Lawrence RAGBIR**<br><br>Petitioner<br><br>vs.<br><br>**Jefferson SESSIONS III, in his official capacity as the Attorney General of the United States; Kirstjen NIELSEN in her official capacity as Secretary of Homeland Security; Thomas DECKER, in his official capacity as New York Field Office Director for U.S. Immigration and Customs Enforcement; Scott MECHKOWSKI, in his official capacity as Assistant New York Field Office Director for U.S. Immigration and Customs Enforcement; and the U.S. DEPARTMENT OF HOMELAND SECURITY.**<br><br>Respondents | Case No.:<br><br>PETITIONER'S APPLICATION FOR ORDER TO SHOW CAUSE IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

1. Pursuant to 28 U.S.C. § 2243, Petitioner Ravidath Ragbir respectfully requests that the Court issue an order to Respondents Jefferson Sessions III, Kirstjen Nielsen, Thomas Decker, Scott Mechkowski, and the U.S. Department of Homeland Security ("DHS"), requiring them to show cause why the Petitioner's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief pursuant to 28 U.S.C. § 2241; 28 U.S.C. § 1331; Article I, § 9, cl. 2 of the United States Constitution; the All Writs Act, 28 U.S.C. § 1651; the Administrative Procedure Act, 5 U.S.C § 701; and the Declaratory Judgment Act, 28 U.S.C. § 2201 (filed herewith) should not be granted and why Respondents should not be ordered to release Petitioner from detention or conduct an individualized release determination hearing. Pending adjudication of these claims, Petitioner seeks a temporary order staying Mr. Ragbir's

removal and enjoining Respondents from transferring Petitioner from the jurisdiction of the New York Field Office Enforcement and Removal Operations and this District.

2. In the Petition for Writ of Habeas Corpus filed today, January 11, 2018, Petitioner challenges Respondents' decision to detain Petitioner, and revoke his Order of Supervision and/or administrative stay of removal without prior notice or opportunity to be heard. Respondents' re-detention of Petitioner violates the statute, regulations, and his due process rights because his detention has been unconstitutionally prolonged, because DHS previously released and then redetained the Petitioner without cause, and because Petitioner has legitimate and protected property and liberty interests as a result of his prior release on an Order of Supervision and subsequent receipt of four administrative stays of removal and related work authorization.

3. In light of the fact that Petitioner faces imminent irreparable harm if transferred far from his lawyer and family, Petitioner respectfully requests that the Court immediately issue a temporary preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure to restrain Respondents from removing Petitioner from the jurisdiction of the New York Field Office of the Office of Enforcement and Removal Operations.

4. In light of the fact that Petitioner has a likelihood of success on the merits of his claim, is facing imminent irreparable harm if removed from the United States, and with minimum harm to the government if he remains in the United States pending these proceedings after being permitted to do so for over a decade following his removal proceedings, Petitioner respectfully requests that the Court immediately issue a temporary stay of removal pursuant to the All Writs Act and Suspension Clause pending completion of briefing in this case. *See* Ex. A, Memorandum of Law in support of Petition for Writ of Habeas Corpus and Complaint

for Injunctive and Declaratory Relief. *See also Hamama v. Adducci*, 261 F. Supp. 3d 820 (E.D. Mich. 2017) (ordering a stay of removal pending consideration of habeas challenge to re-detention); *Kabenga v. Holder*, 76 F. Supp. 3d 480, 486 (S.D.N.Y. 2015) (same); *Ibrahim v. Acosta*, No. 17-cv-24574-GAYLES (S.D. Fla. Dec. 19, 2017) (same); *Devitri v. Cronen*, No. 17-11842-PBS (D. Mass. Sept. 26, 2017) (same); *Neth v. Marin*, No. SACV 17-01898-CJC(GJSx) (C.D. Ca. Dec. 14, 2017).

5. The federal habeas corpus statute provides that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

6. Section 2243 further provides that the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

7. Section 2243 further provides that the court shall hold a hearing on the writ or order to show cause "not more than five days after the return unless for good cause additional time is allowed."

8. Section 2243 further provides that the court "shall summarily hear and determine the fact, and dispose of the matter as law and justice require."

9. Pursuant to 28 U.S.C. § 2243, and in the light of Petitioner's continued unlawful detention without bond, Petitioner respectfully requests that the Court immediately issue an Order to Show Cause against the Respondents.

10. Petitioner has reached out to Respondents for their position on this application and motion, and was informed that Respondents oppose the motion. Petitioner therefore proposes that this

Court order Respondent to file a return by January 18, showing cause, if any, why the Writ of Habeas Corpus should not be granted. Petitioner would propose a reply deadline of January 25, 2018.

11. Petitioner further requests that the Court schedule a hearing on the Petition for Writ of Habeas Corpus within 10 days of the Petitioner's reply.

Dated: New York, New York  
January 11, 2018

Respectfully submitted,

/s/ Alina Das  
ALINA DAS, Esq. (AD8805)  
JESSICA ROFÉ (JR5231)  
Brittany Castle, Legal Intern  
Jeremy Cutting, Legal Intern  
Washington Square Legal Services, Inc.  
Immigrant Rights Clinic  
245 Sullivan St., 5th floor  
New York, New York 10012  
Tel: (212) 998-6430  
alina.das.@nyu.edu

*Counsel for Petitioner*