UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAVIDATH LAWRENCE RAGBIR,<br><br>                      Petitioner,<br><br>- against -<br><br>JEFFERSON BEAUREGARD SESSIONS III,<br><br>                      Respondents. | No. 18 Civ. 236 (KBF)<br>ECF Case |

**RESPONDENTS' MEMORANDUM OF LAW IN OPPOSITION TO THE PETITIONER'S MOTION TO ENFORCE THE COURT'S JANUARY 11, 2018 ORDER, AND IN SUPPORT OF THE REPSONDENT'S MOTION TO VACATE PORTIONS OF THE COURT'S JANUARY 11, 2018 ORDER**

                                                        GEOFFREY S. BERMAN
                                                        United States Attorney for the
                                                        Southern District of New York
                                                        Attorney for Respondents
                                                        86 Chambers Street, Third Floor
                                                        New York, New York 10007
                                                        Tel:    (212) 637-2741

BRANDON M. WATERMAN
Assistant United States Attorney
      – Of Counsel –

## **TABLE OF CONTENTS**

BACKGROUND ........................................................................................................................1

ARGUMENT

    THE COURT SHOULD DENY PETITIONER'S MOTION
TO ENFORCE THIS COURT'S ORDER AND VACATE ITS ORDER
CONCERNING A STAY OF REMOVAL AND ENJOINING ICE'S
ABILITY TO RE-LOCATE PETITIONER........................................................................2

    A.    The Court should deny Mr. Ragbir's request to compel ICE to move Mr.
Ragbir to the New York area, and the Court should vacate its injunction
preventing ICE from moving Mr. Ragbir outside of the New York area ................2

        1.    The government did not act in contravention of this Court's order,
and the Court should not compel ICE to return Mr. Ragbir to the
New York area .............................................................................................2

        2.    The Court should vacate the portion of the January 11 order
enjoining ICE from transferring Mr. Ragbir out of the New York
area .............................................................................................................4

    B.    The Court should vacate its stay of removal............................................................5

**BACKGROUND**

The government respectfully submits this memorandum of law in opposition to the petitioner's motion to enforce the Court's Order of January 11, 2018, and in support of the government's motion to vacate that order.

Yesterday, on January 11, 2018, U.S. Immigration and Customs Enforcement ("ICE") arrested the petitioner, Ravidath Lawrence Ragbir ("Mr. Ragbir"). Mr. Ragbir is a native and citizen of Trinidad and Tobago, and he is subject to a final removal order. ICE arrested Mr. Ragbir to execute his final removal order. After he was arrested and taken into ICE custody yesterday morning, Mr. Ragbir filed a habeas petition in this Court and sought an *ex parte* order to show cause against the government with an expedited briefing schedule, as well as a temporary stay of removal and an injunction to prevent ICE from transferring Mr. Ragbir outside of the New York area.

Yesterday afternoon, the Court issued an order staying Mr. Ragbir's removal and enjoining ICE from transferring Mr. Ragbir out of the jurisdiction. However, by the time the government received notice of the Court's order, ICE was already in the process of removing Mr. Ragbir, who at that time, was already on a flight bound for Miami, Florida. Upon landing in Miami, ICE placed Mr. Ragbir in detention at an ICE detention facility in Miami, where he remains at this time.

As explained herein, the government did not act in "clear contravention" of this Court's order. ICE arrested Mr. Ragbir yesterday morning for the purpose of executing his outstanding, final removal order. In doing so, Mr. Ragbir was placed on a flight that was scheduled to depart at 4:13 p.m. out of Newark Liberty International Airport. However, an ICE deportation officer witnessed Mr. Ragbir's flight leave the gate and begin taxiing for takeoff at 4:11 p.m. (several

minutes before the Court even entered its order). Thus, Mr. Ragbir's contention that the government acted in "clear contravention" of this Court's order is baseless and untrue.

Further, the Court should vacate the portions of its order (1) temporarily staying Mr. Ragbir's removal, and (2) enjoining ICE from transferring Mr. Ragbir out of the New York area. This Court lacks jurisdiction under the Immigration and Nationality Act (INA) to stay Mr. Ragbir's removal to enjoin ICE from transferring Mr. Ragbir where it deems appropriate.

## ARGUMENT

### THE COURT SHOULD DENY PETITIONER'S MOTION TO ENFORCE THIS COURT'S ORDER AND VACATE ITS ORDER CONCERNING A STAY OF REMOVAL AND ENJOINING ICE'S ABILITY TO RE-LOCATE PETITIONER

**A.     The Court should deny Mr. Ragbir's request to compel ICE to move Mr. Ragbir to the New York area, and the Court should vacate its injunction preventing ICE from moving Mr. Ragbir outside of the New York area**

**1.     The government did not act in contravention of this Court's order, and the Court should not compel ICE to return Mr. Ragbir to the New York area**

As noted above, the government did not act in contravention of this Court's order, which was apparently signed at or around 4:15 p.m. yesterday. Before he was even detained, ICE had previously booked flights for Mr. Ragbir's removal. Those flights were booked on Wednesday, January 10, 2018. Mr. Ragbir was scheduled to fly from Newark airport to Miami airport on United Airlines Flight 1923, which was scheduled to depart at 4:13 p.m. According to an ICE deportation officer who was at the airport, the flight left the gate at 4:11 p.m. This is corroborated by United Airlines' records. This office received notice of the Court's order at 4:22 p.m. when it received an email from Mr. Ragbir's counsel. Thus, Mr. Ragbir's claim that the government acted in "clear contravention" of this Court's order is baseless.

Moreover, the Court should not compel ICE to return Mr. Ragbir to the New York area. As explained further below, this Court lacks jurisdiction to restrain ICE from moving an alien or

to order ICE to move an alien to a particular location. *See infra*. Moreover, to the extent that Mr. Ragbir is raising an access to counsel claim, such claim is without merit and does not justify an order compelling ICE to return Mr. Ragbir to the New York area.

"Because immigration proceedings are of a civil rather than criminal nature, aliens in removal proceedings 'enjoy[ ] no specific right to counsel' under the Sixth Amendment to the Constitution. *Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010) (quoting *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005)); *see Iavorski v. INS*, 232 F.3d 124 (2d Cir. 2000) (discussing 8 U.S.C. § 1362 and due process considerations).

Mr. Ragbir is currently being detained at an ICE detention facility in Miami, Florida—Krome. Contrary to any suggestion by Mr. Ragbir, no access to counsel issue arises from Mr. Ragbir's detention at that facility. Mr. Ragbir will have access to his counsel while detained at Krome in Miami. We have been informed by ICE that attorneys may visit their clients in person between the hours of 8 a.m. to 10 p.m. on weekdays, and attorneys may call their clients (and clients may call their attorneys) from 6 a.m. to 11 p.m. While general phone conversations are monitored (as they are in the private jails in the New York area), Mr. Ragbir will have the ability to have private conversations with his counsel in a private room where he will be able to speak with his counsel over the phone and also through video-conferencing, and such conversations are not monitored. Thus, any concern that Mr. Ragbir will have any issues with respect to his access to counsel are wholly unfounded. Simply put, Mr. Ragbir cannot show that there are any restrictions on his ability to communicate with his counsel while he is detained at Krome that would be tantamount to a denial of counsel. Thus, the Court should reject any contention that Mr. Ragbir's access to counsel would be infringed by ICE's decision to detain Mr. Ragbir in Miami pending the resolution of this matter.

### 2. The Court should vacate the portion of the January 11 order enjoining ICE from transferring Mr. Ragbir out of the New York area

This Court lacks jurisdiction over ICE's discretionary decisions concerning where to detain aliens, and thus lacks jurisdiction to enjoin ICE from transferring Mr. Ragbir outside of the New York area (or to transfer him to a particular location). Decisions to transfer an alien from one location to another are within the discretion of the Attorney General and therefore may not be reviewed or enjoined by the district courts. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."). The INA precludes judicial review over such decisions. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (barring district courts from exercising subject matter jurisdiction over "any . . . decision or action of the Attorney General . . . the authority for which is specified under this subchapter [8 U.S.C. §§ 1151 1381] to be in the discretion of the Attorney General . . ."); *see also Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (holding that "a district court has no jurisdiction to restrain the Attorney General's power to transfer aliens to appropriate facilities by granting injunctive relief . . . ."); *Gandarillas-Zambrana v. BIA*, 44 F.3d 1251, 1256 (4th Cir. 1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings . . . and therefore, to transfer aliens from one detention center to another."); *Rios-Berrios v. INS*, 776 F.2d 859, 863 (9th Cir. 1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."). Thus, a district court may not exercise jurisdiction over ICE's decision to detain an alien in a given facility, and may not order ICE to transfer an alien. *See, e.g., Salazar v. Dubois*, No. 17-cv-2186 (RLE), 2017 WL4045304, at *1 (S.D.N.Y. Sept. 11, 2017) (concluding that the district court "does not have authority to issue an order to change or keep [an alien] at any particular location"); *Zheng v. Decker*, No. 14-cv-4663 (MHD), 2014 WL

4

7190993, at *15-16 (S.D.N.Y. Dec. 12, 2014) (denying petitioner's request that the Court order ICE not to transfer him to another jurisdiction); *Avramenkov v. INS*, 99 F. Supp. 2d 210, 213 (D. Conn. 2000) (refusing to grant petitioner's request for an injunction to prevent transfer because "Congress has squarely placed the responsibility of determining where aliens are to be detained within the sound discretion of the Attorney General"); *accord Vand Dinh*, 197 F.3d at 434 ("Because the discretionary decision to transfer aliens from one facility to another and the correlative discretionary decision to grant or deny relief from such a transfer is a 'decision . . . under this subchapter.' Judicial review of that decision is expressly barred by § 1252(a)(2)(B)(ii).").

Accordingly, the Court should vacate its order enjoining ICE from transferring Mr. Ragbir outside of the New York area, and should not require ICE to move him from the Miami area.

**B.    The Court should vacate its stay of removal**

"The unique purpose of habeas corpus" is to "release the applicant for the writ from unlawful confinement." *Allen v. McCurry*, 449 U.S. 90, 98 n.12 (1980). Mr. Ragbir was arrested only yesterday, and within hours, he was already placed a plane to be removed pursuant to his final order of removal. Mr. Ragbir's immigration detention lasted only a very brief period of time (several hours), and would have ended early this morning but for the Court's order granting a temporary stay of removal. Thus, for these reasons and the reasons stated below, this Court should vacate its stay of removal.

Federal law unambiguously strips district courts of jurisdiction to stay or enjoin an alien's removal. The INA provides that "[e]xcept as provided in [8 U.S.C. § 1252] . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the [Secretary of Homeland Security] to . . . execute removal orders against any

5

alien." 8 U.S.C. § 1252(g).  Section 1252(a)(5) further provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . ."  Read together, these provisions "leave no doubt that [a district] court lacks jurisdiction to consider claims that arise from a removal order." *Filippi v. President of U.S.*, No. 1:17-cv-459, 2017 WL 4675744, at *2 (D.N.H. Oct. 16, 2017); see Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir. 2006); *see also Tejada v. Cabral*, 424 F. Supp. 2d 296, 298 (D. Mass. 2006) ("[T]he REAL ID Act . . . emphatically [] declare[d] that this Court was not in any way to impede orders of removal.").  To the extent that Mr. Ragbir's habeas petition is an attempt to defeat ICE's ability to execute his final removal order, Congress has precluded habeas challenges to "a decision or action by the Attorney General to . . . execute removal orders against any alien."  8 U.S.C. § 1252(g).

"District courts within this Circuit and across the country have routinely held that they lack jurisdiction under § 1252 to grant a stay of removal."  *Vasquez v. United States*, 2015 WL 4619805, at *3-4 (S.D.N.Y. Aug. 3, 2015) *affirmed* at 2d Cir. No. 16-2616 (Order Sept. 9, 2015); *see also, e.g.*, *Almanzar v. Newland*, No. 08 Civ. 8612 (NRB), 2009 WL 3097203, at *2 (S.D.N.Y. Sept. 28, 2009) ("If a district court lacks the jurisdiction to review a removal order, it follows that the court also lacks the power to stay such orders.  Numerous district courts have reached that conclusion."); *Scott v. Napolitano*, 618 F. Supp. 2d 186, 190-91 (E.D.N.Y. 2009) (the "provisions of § 1252 operate to strip district courts of jurisdiction to stay an order of removal, as well"); *Thomas v. Spitzer*, No. 05 Civ. 5828 (LTS)(DF), 2008 WL 4360550, at *2 (S.D.N.Y. Sept. 23, 2008) ("The so-called 'Real ID Act of 2005' . . . under which the circuit courts were vested with exclusive authority to review orders of removal . . . has been construed to mean that only the circuit court may issue . . . a stay [of removal]."); *cf. Delgado v.*

*Quarantillo*, 643 F.3d 52, 53 (2d Cir. 2011) (per curiam) (holding that "a district court lacks jurisdiction over an indirect challenge to an order of removal").

The proper forum for Mr. Ragbir to seek a stay of removal is either at the Second Circuit or at the BIA. Indeed, upon information and believe, Mr. Ragbir filed another motion to reopen his proceedings at the BIA yesterday, and that is the proper forum for any such stay application. *See* 8 C.F.R. §§ 241.6(a)-(b), 1241.6(a)-(b) (once a motion to reopen is filed, the alien may seek a stay of removal from the immigration court).

## CONCLUSION

For the foregoing reasons, the Court should deny Mr. Rabir's motion to enforce the Court's January 11 order, and the Court should grant the government's motion to vacate the portions of the Court's January 11 order staying Mr. Ragbir's removal and enjoining ICE from transferring Mr. Ragbir to other locations outside of the New York area.

Dated: New York, New York
January 12, 2018

Respectfully,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York,
Attorney for Respondents

By: /s/ *Brandon M. Waterman*
BRANDON M. WATERMAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel. (212) 637-2741
Fax (212) 637-2786
brandon.waterman@usdoj.gov