**IMMIGRANT RIGHTS CLINIC**
**WASHINGTON SQUARE LEGAL SERVICES, INC.**
**NEW YORK UNIVERSITY SCHOOL OF LAW**
245 SULLIVAN STREET, 5TH FLOOR
NEW YORK, NEW YORK 10012
TEL: 212-998-6430
FAX: 212-995-4031

ALINA DAS                                                                           BRITTANY CASTLE
JESSICA ROFÉ                                                               JEREMY CUTTING
*Supervising Attorneys*                                                   *Legal Interns*

*Via ECF*

January 30, 2018

The Honorable Katherine B. Forrest
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:    *Ragbir v. Sessions*, No. 1:18-cv-236 (KBF)
                Request to retain jurisdiction

Dear Judge Forrest:

      We are writing to update the Court on the status of Mr. Ragbir's case, and to request that the Court retain jurisdiction over the case. On January 29, 2018, after this Court's order, U.S. Immigration and Customs Enforcement transferred Mr. Ragbir from Orange County Correctional Facility to 26 Federal Plaza, where he was processed for release that evening. Mr. Ragbir was incredibly grateful to be released. Deputy Director Scott Mechkowski then personally served Mr. Ragbir with a notice to report to ICE for deportation on Saturday, February 10, 2018.

      We are concerned about the report date for several reasons, and ask this Court to maintain its jurisdiction over Mr. Ragbir's case in the event that further intervention becomes necessary and appropriate.

      First, the report date seems to conflict with statements that ICE made to this Court that it will not pursue removal so long as Mr. Ragbir has a current stay of removal in place. Mr. Ragbir has a stay of removal issued from the U.S. District Court of New Jersey ("D.N.J."). *See* ECF 39-5. The stay was temporarily ordered while the court in the D.N.J. considers whether it has the authority to extend the stay pending full consideration of Mr. Ragbir's coram nobis petition, which has been fully briefed. Mr. Ragbir's next court date, on his motion for a stay, is February 9, 2018. However, the current stay does not expire unless and until the judge rules on and rejects Mr. Ragbir's motion. It is uncertain that a decision will be reached on February 9th, in which case the stay will remain in place. For ICE to require Mr. Ragbir to report for deportation, without any certainty as to whether he will be removable on the 10th, is premature and denies Mr. Ragbir the clarity that is an integral part of an orderly departure.

      Second, a February 10, 2018 report date is notably out of sync with normal proceedings for an orderly departure, which usually permit a minimum of 30-90 days time for deportation.

*See e.g.*, *Devitri v. Conen*, No. 17-11842-PBS, 2017 WL 5707528, at *2 (D. Mass. Sept. 26, 2017) (petitioners, after years of compliance with their orders of supervision, were given notice that they would be required to depart the country within 60-90 days); *Ketbang v. Gonzales*, 165 F. App'x 469, 470-71 (7th Cir. 2006) (petitioner was issued a "bag and baggage" letter directing him to report for deportation in 60 days); *Filippi v. President of United States*, No. 17-cv-459-PB, 2017 WL 4675744, at *1 (D.N.H. Oct. 16, 2017) (petitioner was instructed to purchase own ticket and depart in 30 days); *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1182 (9th Cir. 2001) (40 days). In Mr. Ragbir's case, considering the decades that he has spent in the country, the ten years that he has complied with his order of supervision, and the additional trauma that his recent and unlawful detention has now caused him, ten days constitutes an unusually short and disorderly period in which he will be unable to arrange his affairs and say goodbye.

Third, we are concerned that the date falls on a weekend rather than a weekday. The ICE check-in office, upon information and belief, is usually closed on weekends, as are most courts. This could serve a severe impediment to Mr. Ragbir's access to the courts. Specifically, the Board of Immigration Appeals, which has jurisdiction over Mr. Ragbir's pending motion for a stay of removal, is open from Monday to Friday, 9:00 AM to 4:30 PM. The BIA will not expeditiously act on a pending motion for a stay unless removal is "imminent," at which point litigants are directed to call the BIA's Emergency Stay Unit line (which specifies on its voicemail box that it has business hours of 9:00 AM to 5:30 PM). The BIA will not consider removal to be "imminent" unless the imminence of removal is confirmed by a deportation officer following the expiration of any stays issued by any other court. In other words, if the federal court in the D.N.J. declines to extend its stay at some point Friday afternoon, and ICE then seeks to remove Mr. Ragbir on Saturday, we will not be able to reach the BIA Emergency Stay Unit, impeding Mr. Ragbir's ability to seek adjudication of his stay request. The choice of a weekend report date—which we have never previously been given in any of our cases involving check-in appointments with ICE—will impede Mr. Ragbir's rights and the spirit of the Court's order.

In light of these concerns, we will be reaching out to ICE for clarification, and wanted to update this Court so that it may retain jurisdiction over the case.

    Regards,

    /s/Alina Das
    Alina Das, Esq.
    Jessica Rofé, Esq.
    Brittany Castle, Student Representative
    Jeremy Cutting, Student Representative
    Immigrant Rights Clinic
    Washington Square Legal Services
    New York University School of Law

    *Counsel for Mr. Ragbir*

    cc: Counsel for Respondents, *via ECF*